United States District Court
Southern District of Texas
**ENTERED**
August 09, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Elizabeth Caballero, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-23-1169 |
| | § | |
| Walgreen Co., | § | |
|    *Defendant*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Walgreen Co.'s Motion for Summary Judgment, ECF No. 31. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of judgment. ECF Nos. 15, 16, 19. The motion for summary judgment is **GRANTED**.

### *1. Factual Background*

This premises liability case arises from Plaintiff Elizabeth Caballero's slip and fall in Defendant Walgreen Co.'s store. Pl.'s 1st. Am. Orig. Compl., ECF No. 9. According to Caballero, a Walgreen employee "doused a concentrated 'super slick' floor cleaning solution from a 'squirt top [ ] like [a] lighter fluid bottle'" on the floor and then left the area unattended. ECF No. 33 at 1 (alterations in original). Caballero claims that she did not see the cleaning solution or the warning sign placed in the aisle before she slipped and fell. *Id.* It is undisputed that the Walgreen employee placed a warning sign a few feet from where the substance was sprayed. *Id.* at 5. Among other injuries, Caballero suffered injuries to her head, neck, back and tailbone. ECF No. 9 at 3.

During her deposition, Caballero testified that she did not see the warning sign before she slipped because it was not in the

middle of the aisle. ECF No. 31-1 at 9. Nonetheless, Caballero saw the sign directly to her right after she fell. *Id.* at 9–10. As confirmed by Caballero's deposition testimony, the video footage capturing the incident accurately reflects the location of the warning sign. *Id.* at 12.

Walgreen now moves for summary judgment. ECF No. 31. Walgreen argues that it is not liable for Caballero's injuries because it adequately warned its customers of the condition with the yellow wet floor sign that was "mere inches" from where Caballero fell. *Id.* at 1. Caballero disagrees and argues that, because the sign was not placed directly over the slippery substance, there is a question of fact as to whether the warning was adequate as a matter of law. ECF No. 33 at 1–2, 5.

## 2. *Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the non-movant based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a

2

genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The court does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim.").

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 3. *Premises Liability Analysis*

Under Texas law, in a premises liability case, the duty owed by a landowner depends on the plaintiff's legal status on the property. Here, the parties agree that Caballero was an invitee at the time of the incident. ECF No. 9 at 3; Def.'s 1st. Am. Answer, ECF No. 22 at 3. An invitee is a person who enters another's land with the owner's knowledge and for the mutual benefit of both. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citation omitted).

To prevail on a premises liability suit in Texas, invitee plaintiffs must show:

> (1) the owner had actual or constructive knowledge of the condition;
>
> (2) the condition was unreasonably dangerous;
>
> (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and
>
> (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries.

*United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022).

The third element is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions to make it reasonably safe. *Henkel v. Norman,* 441 S.W.3d 249, 252 (Tex. 2014) (holding that ordinarily, a landowner is not required to do both and can satisfy its duty to protect invitees by providing an adequate warning, even if the unreasonably dangerous condition remains); *see also Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015); *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam) (holding that a landowner had a duty to warn or make safe, but not both).

A defendant has no duty to take safety measures beyond those that an ordinary, reasonable landowner would take. *Watson v. Fiesta Mart, L.L.C.*, No. 23-20081, 2023 WL 7870591, at *2 (5th Cir. Nov. 15, 2023) (per curiam) (citing *Austin*, 465 S.W.3d at 204). Absent special circumstances, a property owner's warning to an invitee of an unreasonably dangerous condition is adequate if, given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand. *Watson*, 2023 WL 7870591, at *2. When a warning is adequate as a matter of law, entering judgment for the defendant is appropriate. *Watson*, 2023 WL 7870591, at *2

4

(citing *Cruz v. W. H. Braum, Inc.*, No. 21-40477, 2022 WL 325469, at *3 (5th Cir. Feb. 3, 2022) (per curiam); *Henkel* at 251.

To be adequate, the warning must notify the invitee of the condition. *Henkel* at 252. A warning of the specific material constituting the dangerous condition is not required if the existence of the condition is conveyed. *See Watson*, 2023 WL 7870591, at *1 (holding that the defendant could not be held liable because it "placed a conspicuous warning sign in the area of the oily substance."); *Henkel* at 252 (holding that a homeowner telling a mail carrier "don't slip" was adequate to warn him of an icy sidewalk); *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518–520 (Tex. App.—Beaumont 2014, no pet.) (holding that "because the [warning] sign indicated that the floor was wet in the area where [the plaintiff] fell, it adequately warned [the plaintiff] of the presence of moisture on the floor."). "[P]erfection is not required" for a warning to be adequate under Texas law. *Watson*, 2023 WL 7870591, at *2.

The court finds that Walgreen's warning sign was adequate as a matter of law and that Walgreen is entitled to summary judgment. The undisputed facts demonstrate that a conspicuous warning sign was placed within a few feet of the slippery area. It is undisputed that the sign was visible and within Caballero's line of sight. The following cases support the court's conclusion.

In *Gaines v. Walgreen Co.*, No. 4:22-CV-02070, 2024 WL 735692, at *2 (S.D. Tex. Feb. 13, 2024), a warning sign placed a few feet away from a slippery condition was deemed adequate as a matter of law. In *Gaines*, the plaintiff was walking to an aisle when she saw the wet floor sign, stepped around it, and ultimately slipped and fell within three to five feet of the sign. *Id.* at *1. The plaintiff admitted to seeing the sign before she fell. *Id.* at *2. The court held that the defendant fulfilled its duty to provide an adequate warning by placing a warning sign near the

5

condition and in a position that was clearly visible to the plaintiff before she fell. *Id.*

In *Watson*, the central issue before the Fifth Circuit was "whether there [was] any genuine dispute the hazard cone adequately warned [the plaintiff] of the vegetable oil on the floor before she slipped and fell." *Watson*, 2023 WL 7870591, at *2. It was undisputed that an employee placed a warning sign in the vicinity of the spilled oil before the plaintiff slipped on it. *Id.* The plaintiff admitted that she had an unobstructed view of the yellow warning sign before she fell. *Id.* at *3. The court held that because the plaintiff did not point to any evidence showing that the warning sign was inadequate, there was no genuine dispute as to the cone's adequacy. *Id.*

In *Cruz*, the plaintiff walked by a yellow "wet floor" sign that was deployed in front of a drink machine and claimed she did not see the sign before she fell—but nothing blocked her view of it. *Cruz*, 2022 WL 325469, at *1. The court held that summary judgment was appropriate because Cruz "present[ed] no additional evidence that the warning was inadequate." *Cruz*, 2022 WL 325469, at *3; *see also Watson*, 2023 WL 7870591, at *3.

Here, it is undisputed that Walgreen placed a warning sign a few feet from the dangerous condition. Caballero testified that "[t]here was a warning [sign] on the side of the aisle" in which she fell but she did not see it because it was not placed in the middle of the aisle. ECF No. 31-1 at 9. Caballero did not testify to any obstruction preventing her from seeing the warning sign. *Id.* Caballero testified that she saw the warning sign to her right after she fell. *Id.* at 9–10. The photographs and video footage submitted by the parties confirm that a large, yellow warning sign was within Caballero's and the slippery substance's immediate vicinity. *See* ECF No. 31 at 7–8; ECF No. 33 at 3–5. There is no evidence that the sign was not within Caballero's line

6

of sight. Accordingly, Walgreen's warning was adequate as a matter of law.

Caballero argues that this case is more akin to *Longoria v. Hobby Lobby*, No. 1:16-CV-248, 2017 WL 8682220, at *1 (S.D. Tex. Nov. 1, 2017). In that case, the court denied summary judgment because there was a fact issue as to the adequacy of the defendant's warning sign. *Longoria*, 2017 WL 8682220, at *4. *Longoria* is distinguishable, however, because evidence showed that the warning sign was outside of the plaintiff's line of sight based on her entrance point into the store and the foot traffic of other patrons. *Id.*

Here, the evidence shows that the warning sign was unobstructed, was placed immediately to the side of the dangerous condition, and that Caballero simply did not notice the warning sign because it was placed "on the side next to the products" rather than in the middle of the aisle. ECF No. 31-1 at 9.

Caballero also seems to argue that the substance on which she slipped was more slippery than an average wet floor. She cites no authority for the proposition that the court must weigh the relative slipperiness of a substance in the analysis. The bright yellow warning sign was adequate to warn of any slippery condition.

## *4. Conclusion*

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 31, is **GRANTED**. A separate final judgment will be entered dismissing Caballero's case with prejudice.

Signed at Houston, Texas on August 9, 2024.

                                       _____
                                                   Peter Bray
                                       United States Magistrate Judge