UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Elizabeth Caballero, *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-23-1169 |
| Walgreen Co., *Defendant.* | § § § | |

## MEMORANDUM AND ORDER

Pending before the court is Elizabeth Caballero's Motion for Reconsideration and New Trial. ECF No. 41. Caballero requests that the court vacate the Final Judgment, ECF No. 40, entered on August 9, 2024. The motion is filed pursuant to Federal Rule of Civil Procedure 59(e). The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of judgment. ECF Nos. 15, 16, 19. The motion is **DENIED**.

Under Rule 59(e), a litigant may move to alter or amend a judgment within 28 days of the entry of the judgment. Reconsideration of a judgment under Rule 59(e) serves a narrow purpose and is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 n.18 (S.D. Tex. 1994) (holding that Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge"). "To succeed on a Rule 59(e) motion, a party must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) a manifest error of law or fact." *Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 634 (S.D. Tex. 2012).

Caballero has established none of the criteria required for the court to vacate its final judgment. Caballero relies on the third factor and argues that the court committed a manifest error of both law and fact in entering summary judgment because fact issues prevent that result. The court disagrees.

The court set out the law and the facts of the case in its summary judgment order, ECF No. 39, and will not repeat those things here. Caballero has not raised any cases or facts that the court overlooked. Caballero simply disagrees with the court's analysis and conclusion.

A recent Fifth Circuit opinion confirms that the undersigned's legal analysis is correct. In *Gaines v. Walgreens Co.*, 2024 WL 4441422 (5th Cir. 2024), the court was confronted with similar facts. The plaintiff slipped and fell at a Walgreen's store that "had a wet floor sign posted within arm's reach of the hazard." *Id.* at * 1. The plaintiff argued that the sign "pointed her *toward* the hazard instead of *away* from it." *Id.* (emphasis in original). The court explained that "Texas courts have generally held that a wet floor sign provides an adequate warning when the sign is placed in the vicinity of the hazard and gives reasonable notice of the hazard." *Id.* The court of appeals concluded that "Because Walgreens adequately warned Gaines of the wet floor by placing a sign three to five feet from the hazard, Gaines cannot recover as a matter of law." *Id.*

The undisputed evidence in this case is that the warning sign was just a few feet from where Caballero fell and there is no evidence that the sign was obstructed from Caballero's view. The court does not find that any manifest error of law or fact was committed here and the Motion for Reconsideration and New Trial, ECF No. 41 is therefore **DENIED**.

Signed at Houston, Texas on October 15, 2024.

_____
Peter Bray
United States Magistrate Judge